IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES M. RECCA,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>Respondent. | 8:17CV113<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on initial review of Petitioner James M. Recca's ("Recca") Petition for Writ of Habeas Corpus ("petition") filed pursuant to 28 U.S.C. § 2254. (Filing No. 1.) For the reasons discussed below, the court will dismiss Recca's petition without prejudice.

## I. BACKGROUND

Recca filed his petition on April 3, 2017. (*Id.*) In his petition, Recca states that he was convicted on March 8, 2017, of possession with intent to deliver. (*Id.* at CM/ECF p. 1.) He states that his sentencing and motion for new trial hearing dates were set for April 24, 2017. (*Id.* at CM/ECF pp. 1, 3.) Recca raises issues that all pertain to the pretrial and trial proceedings for his underlying conviction. (*Id.* at CM/ECF pp. 6-21.) With regard to any direct appeal of those issues, Recca states that he filed his "Notice of Appeal" but not his "actual appeal." (*Id.*)

## II. DISCUSSION

There was no state criminal judgment when Recca filed his petition because he filed his petition before he was sentenced. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") Section 2254 applies only to petitioners who are in custody

pursuant to the judgment of state court. 28 U.S.C. § 2254. The court could, therefore, construe Recca's petition under 28 U.S.C. § 2241 rather than § 2254. *See* Brian R. Means, Federal Habeas Manual, A Guide to Federal Habeas Corpus Litigation, § 1:34 (May 2017 Update) (West) (prisoners in custody not pursuant to a state court judgment proceed under § 2241). However, the result is the same whether Recca's petition is construed under § 2241 or § 2254.

Recca's petition is premature because he failed to exhaust his state court remedies prior to filing it. Before a state prisoner is entitled to federal habeas corpus relief, he first must exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court. *See Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) (en banc) (applying exhaustion requirement to § 2254 petition); *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987) (applying exhaustion requirement to § 2241 petition and citing additional authority for exhaustion requirement to apply to § 2241 petitions). Therefore, since Recca's sentencing and direct appeal were pending at the time he filed his petition, he failed to exhaust his state court remedies.[1]

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the *Rules Governing Habeas Corpus Cases Under Section 2254* permits the court to apply Rule 4 to a § 2241 petition. Recca may seek future habeas relief after judgment has been entered and after he has exhausted his state court remedies.

Whether Recca's petition is construed under § 2241 or § 2254, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P.

---

[1] A notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry. Neb. Rev. Stat. § 25-1912(2) (West).

22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Recca is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice.

2. The court will not issue a certificate of appealability.

3. The court will enter judgment by separate document.

Dated this 23rd day of May, 2017.

                BY THE COURT:

                s/ *Richard G. Kopf*
                Senior United States District Judge